# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ANGELINA'S MEXICAN RESTAURANT, | § § § § § § § § § § § § | |
| *Plaintiff*, | | Civil Action No. 4:20-cv-278 |
| v. | | Judge Mazzant |
| ALLIED INSURANCE COMPANY OF AMERICA AND MARY KEEFER | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Opposed Motion to Remand (Dkt. #9). After consideration, the Court is of the opinion that the motion should be **DENIED**.

## BACKGROUND

### I. Factual Summary

Plaintiff Angelina's Mexican Restaurant ("Angelina's") is a Texas corporation, with its principal place of business in Texas, and the owner of certain property in Denton County, Texas (Dkt. #1). Plaintiff Angelina's insured that property with a Texas commercial insurance policy, which was issued by Defendant Allied Insurance Company of America ("Allied Insurance") (Dkt. #9). Defendant Allied Insurance is an Ohio corporation with its principal place of business in Ohio (Dkt. #1).

On or around September 28, 2018, the roof of Plaintiff Angelina's insured property allegedly sustained damage resulting from wind and hail (Dkt. #9). Plaintiff Angelina's reported the loss resulting from that damage to Defendant Allied Insurance pursuant to the terms of the commercial insurance policy (Dkt. #9). Defendant Mary Keefer ("Keefer"), a licensed insurance

adjuster in the State of Texas, was assigned to investigate the loss and adjust the claims on Defendant Allied Insurance's behalf (Dkt. #9).  Defendant Keefer is a Texas resident.[1]

Plaintiff Angelina's brings this suit alleging that Defendant Allied Insurance and Defendant Keefer "have unreasonably delayed and/or denied paying benefits under the policy for the covered loss, have failed to effectuate a prompt, fair and equitable settlement in good faith, [and] have delayed payment in violation of the insurance policy" (Dkt. #9).  Plaintiff Angelina's brings state law causes of action against Defendant Allied Insurance for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing (Dkt. #9, Exhibit A). Plaintiff Angelina's brings state law claims against Defendant Keefer for violations of the Texas Insurance Code (Dkt. #9, Exhibit A).

## II.     Procedural History

On March 11, 2020, Plaintiff Angelina's filed its Original Petition in the 393rd Judicial District Court of Denton County, Texas (Dkt. #9, Exhibit A).  On April 3, 2020, Defendant Allied Insurance filed a Notice of Removal to this Court (Dkt. #1)

On May 4, 2020, Plaintiff Angelina's filed the present Motion to Remand (Dkt. #9).  On May 18, 2020, Defendant Allied Insurance filed a Response (Dkt. #11).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).  "In an action

---

[1] As of at least May 18, 2020—the date Defendant Allied Insurance filed its response—Defendant Keefer had not been served (Dkt. #11).

that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

Plaintiff Angelina's moves the Court to remand this case to the 393rd Judicial District Court of Denton County, Texas on the ground that there is not complete diversity between the parties—specifically, between Plaintiff Angelina's and Defendant Keefer. Defendant Allied Insurance disagrees. It argues first that, because Defendant Keefer is not a "properly joined and served" party, under the Fifth Circuit's recent decision in *Texas Brine*,[2] Defendant Allied Insurance's removal of this case was proper. Next, Defendant Allied Insurance argues that Defendant Keefer was improperly joined and thus that removal is proper because the only proper parties to this suit are completely diverse.

The Court cannot act without first determining whether it has subject matter jurisdiction over this action, so it begins by addressing Defendant Allied Insurance's second argument. Because the Court finds that Defendant Keefer was improperly joined and thus should be

---

[2] *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020).

dismissed from the civil action, the Court does not reach Defendant Allied Insurance's first argument.

## I.      Removal Based on Improper Joinder

A party seeking removal based on improper joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)). "In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82.

To show improper joinder, the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 577; *see also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To determine whether there was improper joinder:

> The [C]ourt may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. . . . [W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant.

*Rubin v. Daimlerchrysler Corp.*, No. Civ.A. H044021, 2005 WL 1214605, at *2 (quoting *Smallwood*, 385 F.3d at 573–74). The question is whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Great Plains*, 313 F.3d at 312. "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

The Court will now conduct a Rule 12(b)(6) analysis of Plaintiff Angelina's claims against Defendant Keefer to determine whether Defendant Keefer was improperly joined.[3]

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable

---

[3] The Court does not find it necessary here to "pierce the pleadings and conduct a summary inquiry" and instead opts to conduct a Rule 12(b)(6) analysis. This decision is entirely within the Court's discretion.

inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

After consideration of Plaintiff Angelina's claims against Defendant Keefer, the Court is unconvinced that they survive scrutiny under Rule 12(b)(6). Plaintiff Angelina's asserts a number of claims under the Texas Insurance Code. To support those claims, Plaintiff Angelina's pleads, among other things, that Defendant Keefer inspected Plaintiff Angelina's property; ignored covered damages; performed a cursory inspection; failed to properly adjust and estimate the claim; failed to timely and properly report to Defendant Allied Insurance to address all the covered damages; made statements misrepresenting the policy terms; misrepresented material facts related

to the coverage at issue; and prepared a report that failed to include all of the damages that she noted during the inspection of the property, which resulted in an undervaluation of the damages the property sustained. But these are merely boilerplate legal allegations without *factual* matter supporting them. Though Plaintiff Angelina's asserts correctly that an insurance adjuster may be held individually liable under the Texas Insurance Code, *see Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544–45 (5th Cir. 2004), it did not plead sufficient factual matter in its Original Petition to support a claim against Defendant Keefer that can withstand scrutiny under Rule 12(b)(6). *See, e.g.*, *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-cv-103, 2017 WL 1233831, at *3–4 (E.D. Tex. April 4, 2017).

Thus, the Court finds that Plaintiff Angelina's has failed to allege sufficient factual matter to state a claim against Defendant Keefer that is plausible on its face. Because none of Plaintiff Angelina's claims against Defendant Keefer can survive a Rule 12(b)(6) challenge, Defendant Keefer was improperly joined to this action. This means that the only real parties in interest are completely diverse, and the Court therefore has diversity jurisdiction over this civil action.

**II.** *Texas Brine*

On top of its improper joinder argument, Defendant Allied Insurance asks the Court to extend the holding in *Texas Brine*—approving of removal by an out-of-state defendant before an instate defendant has been served—to incomplete diversity as well. But because the Court finds that the only proper Defendant here is Allied Insurance, it need not address Defendant Allied Insurance's argument regarding *Texas Brine* and snap removal.

## CONCLUSION

For the foregoing reasons, Plaintiff's Opposed Motion to Remand (Dkt. #9) is **DENIED**, and Defendant Keefer is hereby dismissed from this civil action.

7

**IT IS SO ORDERED.**

**SIGNED this 15th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE